UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TODD SIMS
        Plaintiff,

V.                                    CIVIL ACTION NO

AMERASSIST A/R SOLUTIONS, INC.

Defendant.                        DECEMBER 5, 2014

## COMPLAINT

Plaintiff, sues Defendant a licensed collection agency, which is doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Ellicott City, Maryland.

4. At all times material hereto, Defendant, ("Collection Agency), was licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a place of business at, 8415 PULSAR PL, STE 250 COLUMBUS, OH 43240.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for Podiatry Associates, PA and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt. (Medical Debt).

9. On or about August 22, 2014, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent medical debt in the amount of $80.27 purportedly owed by Plaintiff.

## V. DEFENDANTS' PRACTICES

10. Plaintiff mailed Defendant a certified letter demanding the collection agency cease and desist collections on this alleged debt dated September 16, 2014 and signed for by the Defendant on September 22, 2014.

11. Pursuant to 15 U.S.C. §1692 c (c) Ceasing Communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

12. Defendant communicated with the Plaintiff and mailed a verification letter, dated, September 26, 2014, and violated §1692c (c) as a verification is not one of the specifically enumerated reason to "communicate" with a consumer pursuant to the FDCPA.

## VI. ALLEGATIONS OF LAW

### A. General

13. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

14. At all times material hereto, "Podiatry Associates PA", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

15. At all times material hereto, the amount purportedly owed to "Podiatry Associates PA" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

16. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

**a.** Communicating with a consumer debtor after a written cease and desist had been mailed to Defendant via certified mail.

**b.** The validation of debts letter dated September 26, 2014, itself is false, deceptive and misleading. The Defendant advises the Plaintiff "Any questions regarding the documentation should be directed to our client." See "Exhibit 1."

In addition the attached three (3) page document titled "Patient Ledger" shows clear and obvious accounting errors. The amount being collected is not proper or due from the Plaintiff.

**c.** 15 U.S.C. §1692 e False or Misleading Representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

**d.** 15 U.S.C. § 1692f - Unfair Practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1). The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Based on information and belief the creditor did not have a contractual right to charge the Plaintiff a $10.00 collection fee and was prohibited from charging the Plaintiff such fee.

17. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

18. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF
BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
34 Rogers Street, Suite A
Blairsville, GA 30512
Phone 706-400-2650
bernardtkennedy@yahoo.com